**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIO EDUARDO PEDRAZA, #14131078** | § | |
| **AKA Luis Rangel Frias,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:14-CV-2527-P-BK** |
| | § | |
| **JUSTIN MARSHALL,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner confined in Georgia, filed a *pro se* petition for writ of mandamus, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the case be summarily dismissed as barred by three strikes.

**I.  BACKGROUND**

Plaintiff requests mandamus relief to compel Justin Marshall, an immigration officer in Dallas, "to perform his duty by validating the certificate of Dishonor/Foreign Judgment."  [Doc. 3 at 3].  He asserts that Marshall "conspired against my rights by violating the first Amendment which caused me to forfeit my rights, in addition, he refused to take action on my petition for redress."  [Doc. 3 at 4].  Plaintiff also maintains that Marshall "interfered with rights afforded and provided by . . . commerce [and] by treaty."  [Doc. 3 at 4].

Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis*.   The Court did not issue process pending preliminary review of his prior cases.

## II. ANALYSIS

The United States Court of Appeals for the Fifth Circuit has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). When a writ of mandamus is filed by a prisoner seeking to proceed *in forma pauperis*, "the nature of the underlying action" determines the applicability of the Prison Litigation Reform Act ("PLRA"). *In re Crittenden*, 143 F.3d at 920. Because the underlying action in this case is civil in nature, it is governed by the PLRA and the concomitant three-strike provision. *See Id.* (holding that "three strikes rule" precluded prisoner from proceeding *in forma pauperis* in mandamus action that arose from civil rights action).

28 U.S.C. § 1915(g), the "three-strike" provision of the PLRA, precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has accrued three strikes under section 1915(g). Before filing this lawsuit, the United States District Courts for the Northern District of Ohio and for the Northern and Eastern Districts of Texas dismissed four of his non-habeas civil actions as frivolous and/or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *See Frias v. Farley*, 4:11-CV-1183, 2011 WL 3900576 (N.D. Ohio Sept. 6, 2011)[1]; *Frias, aka Pedraza, v. Meade*, 3:13-CV-

---

[1] Although the court's opinion and docket sheet do not reflect Plaintiff's alias, Plaintiff was confined in a federal prison under the same prisoner number as in this case.

2007-N-BK (N.D. Tex. Sep. 20, 2013); *Pedraza, aka Frias, v. King*, 3:13-CV-1970-N, 2013 WL 6330655 (N.D. Tex. Dec. 5, 2013); *Frias, aka Pedraza, v. Bales*, 4:13-CV-0430 (E.D. Tex. Feb. 10, 2014).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Even when liberally construed, the complaint presents no such claim.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  As noted above, Plaintiff only seeks to compel Defendant to perform an unspecified duty.  [Doc. 3 at 4].  Therefore, Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the re-filing of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the re-filing of this lawsuit with full payment of the $400.00 filing fee.[2]

SIGNED July 17, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id*.  The $50 administrative fee will not be deducted.  *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE